# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 642 | **DATE** | 8/25/2011 |
| **CASE TITLE** | Imogene McClure vs. Hilda Solis | | |

**DOCKET ENTRY TEXT**

For these reasons, the Court grants DOL's Motion to Dismiss.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff Imogene McClure ("McClure"), proceeding *pro se*, brought suit against her employer, the Department of Labor ("DOL"), alleging employment discrimination based on gender, harassment, and retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et. seq.* She also alleges a constitutional violation of her free speech rights. The DOL moved to dismiss her Title VII allegations as untimely because she filed her Complaint more than 90 days after receiving notice of her right-to-sue and to dismiss the constitutional claim because Title VII provides the exclusive remedy for federal employee discrimination claims. The DOL moved to dismiss McClure's Complaint, and in the alternative, for summary judgment. It attached to its motion a statement of undisputed facts as Local Rule 56.1 requires. McClure filed a response to these 56.1 facts but did not file a substantive response to the legal issues before the Court. At the July 6, 2011 status, the Court indicated that it would treat the pending motion only as a motion to dismiss, and therefore would not consider materials beyond the four corners of the Complaint.

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true all facts alleged in the complaint and construes all reasonable inferences in favor of the plaintiff. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). The argument that an employment discrimination claim is untimely is an affirmative defense and as such typically not a valid basis to dismiss the complaint; after all, the Complaint need not anticipate and attempt to defeat potential affirmative defenses. *See* Fed. R. Civ. P. 8(c); *U.S. v. Northern Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004). But where the Complaint contains the operative dates that establish that the relevant limitations period has expired, dismissal is appropriate. *U.S. v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005) (permissible to dismiss complaint where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations"); *U.S. Gypsum Co. v. Ind. Gas Co., Inc.*, 350 623, 626 (7th Cir. 2003) ("a litigant may plead itself out of court by alleging (and thus admitting) the ingredients of a defense").

## STATEMENT

    Because McClure's Title VII suit is directed against the federal government, she must file her complaint in this Court within 90 days of receiving the final agency's decision. *See* 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407; *Elmore v. Henderson*, 227 F.3d 1009, 1010-11 (7th Cir. 2000). This time limitation is rigid, even for *pro se* litigants, and missing the deadline by one day stops plaintiff's claims in their tracks. *See, e.g., Davis v. Browner*, 113 F. Supp. 2d 1123, 1126 (N.D. Ill. 2000) (dismissing *pro se* plaintiff's case with prejudice for not strictly complying with Title VII's 90-day filing requirement). Where, as here, the plaintiff first pursues a hearing with an EEOC administrative judge, the DOL as the relevant agency must take "final action by issuing a final decision" within 60 days of the administrative judge's order of dismissal. *See* 29 C.F.R. § 1614.110. The 90-day period thus began ticking when McClure received the DOL's final agency decision.

    McClure's own allegations in her Complaint establish that her claims are untimely. She received the DOL Final Agency Decision on October 27, 2010, which started the 90-day clock. The Fed Ex tracking receipt indicates that McClure received the Final Agency Decision on October 28, 2010, one day later than she indicated in her Complaint. In any event, calculating the limitations period from the October 28 date still shows that McClure waited 92 days to file her Complaint in federal court. (Compl. ¶ 7.2.) She then filed the Complaint in this Court on January 28, 2011, 93 days later. Rule 6(a) provides the relevant rules for computing time for the 90-day limitations period: the day that triggers the period is excluded, every day including Saturdays, Sundays, and legal holidays is counted; and the last day of the period is counted, "but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." *See* Fed. R. Civ. P. 6(a)(1). (R. 1.) Her Complaint is beyond the 90-day limitations period and therefore untimely.

    This leaves McClure's constitutional claim: that the DOL violated her First Amendment rights because "management officials will not communicate or socialize with me," which caused other staff to ignore her as well. (R. 1 at 16, Compl. ¶ 12.) In addition, she complains that the DOL had no plan in place for her advancement within the agency. (*Id.*) Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment." *Brown v. Gen. Serv. Admin.*, 425 U.S. 820, 835 (1976); *Bush v. Lucas*, 462 U.S. 367, 388 (1983) (the Civil Service Reform Act, which is similar to Title VII, is a remedial scheme intended to cover all nondiscriminatory employment claims, and it is unnecessary to expand this comprehensive scheme by providing an alternative remedy for a constitutional violation); *Ellis v. U.S. Postal Service*, 784 F.2d 835, 840 (7th Cir. 1986) ("[W]e hold only that where, as here, Congress has authorized a broad, remedial scheme which adequately and comprehensively addresses the protection of constitutional rights in the employment context, *Bush* does not permit us to apply a separate constitutional cause of action."). Here, McClure's alleged constitutional claim—that her managers did not communicate with her—is directly related to the Title VII claim that she suffered discrimination as a federal employee. Because Title VII is the exclusive remedy, the independent constitutional claim cannot stand. *See, e.g., Alford v. Henderson*, No. 00 C 6178, 2002 WL 1777052, at *5 (N.D. Ill. Aug. 2, 2000) (Marovich, J.) (dismissing constitutional claim because Title VII is the exclusive remedy); *Coe v. N.L.R.B.*, 40 F. Supp. 2d 1049, 1054 (E.D. Wis. 1999) (granting summary judgment on all "non Title VII claims" because Title VII provides the "exclusive remedy"). The Court therefore dismisses McClure's constitutional claim. For these reasons, the Court grants DOL's Motion to Dismiss.